(No. 85-CC-1613–)

THEO BUETOW and MARIANNE BUETOW, Claimants, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed February 5, 1992.*

KAVATHAS & CASTANES (SAMUEL A. KAVATHAS, of counsel), for Claimants.

ROLAND W. BURRIS, Attorney General (RICHARD F. LINDEN, Assistant Attorney General, of counsel), for Respondents.

## OPINION

RAUCCI, J.

This cause comes before us after a full evidentiary hearing before a commissioner, briefing and oral arguments by the parties before us.

Claimants owned a 33-unit apartment building in Chicago Heights, Illinois. The Illinois Department of Transportation (IDOT) sought to obtain the property for a State and Federal highway project.

On December 6, 1983, IDOT notified the tenants that negotiations with the Claimants would begin on December 9. On that date, the IDOT commenced negotiations by offering $250,250.00 for the property. Shortly thereafter, IDOT delivered a letter to tenants informing them that negotiations had commenced, and of the tenants' right to relocation assistance and possible benefits. The letter also informed the tenants that under no circumstances would they be required to move prior to 90 days from the date of the notice and that they would receive at least 30 days' notice.

On January 6, 1984, Claimants made a counter-offer of $423,000.00. The IDOT commenced condemnation

proceedings which resulted in a consent judgment of $290,000.00. The IDOT acquired title on June 19, 1984, and took possession on June 28, 1984.

On December 31, 1984, Claimants filed their one-count complaint seeking "money damages in tort." In substance, the complaint alleged that prior to instituting condemnation, IDOT

"without authority or approval notified the tenants ° ° ° of its intention to pursue condemnation ° ° ° and further induced said tenants to vacate Claimants' premises by offering them money to relocate."

Claimants cite no authority, and we find no authority, which would entitle them to the relief sought. It appears that this theory is based upon intentional interference by IDOT with Claimants' contractual relationships with their tenants. The record does not support a finding of a lack of good faith on the part of IDOT. The entire process was completed, including a condemnation proceeding, within six months. IDOT acted pursuant to Federal regulations in sending notices to the tenants. Neither Federal nor State law creates a cause of action in favor of Claimants for damages caused by IDOT's implementation of the regulations.

It is therefore ordered, adjudged and decreed that this claim is dismissed and forever barred.