(No. 89-CC-1759-)

RICHARD MEDDER & SALLY MEDDER, Claimants, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed October 4, 1994.*

HARRY J. STERLING, P.C., for Claimants.

ROLAND W. BURRIS, Attorney General (CAROL J. BARLOW, Assistant Attorney General, of counsel), for Respondent.

OPINION

SOMMER, C.J.

This claim comes before us on the Respondent's motion to dismiss. Oral argument was held before the full Court on November 9, 1993.

The Claimants owned two residential properties which they were renting on month-to-month leases.

In May of 1986 the Illinois Department of Transportation sent notices to the tenants. These notices stated that the Department of Transportation would be acquiring the properties. The notices stated that construction work would begin on or about June 30, 1986. The notices also stated that the tenants would not be required to move before 90 days; and when they were to vacate they would be sent a 30-day notice. In fact, the tenants moved in June; while the property was not finally taken until December of 1986.

The Claimants are alleging tortious interference with the lease contracts by the Department of Transportation. The Claimants seek damages of lost rent from June to December and utility costs incurred by them.

The Court previously has decided an identical claim (*Buetow v. State* (1992), 44 Ill. Ct. Cl. 93.) The same notices were sent in *Buetow*; and the property was not acquired until about six months after the tenants had moved. The only difference between the *Buetow* claim and the present one is that the *Buetow* claim concerned a 33-unit apartment building.

The claim in *Buetow* was denied because, "The record does not support a finding of a lack of good faith on the part of IDOT." *Buetow* at 95.

One element of proof necessary for establishing an intentional interference with a contract is that the breach be unjustified or in bad faith. We find no bad faith on the part of the Department of Transportation in this claim. The Department simply followed the procedures established by State and Federal law and regulations.

Though the parties in the present claim did not cite *Buetow* and concerned themselves whether a contract really existed between the Claimants and the tenants, we find that this Court's ruling in *Buetow* is controlling.

It is therefore ordered that the Respondent's motion to dismiss is granted; and that this claim is dismissed.